# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JADAEL INC.,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1623-Orl-22KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,
and WALLSTREETTEACHERS.COM,
INC.,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:  PLAINTIFF JADEAL INC.'S MOTION FOR EXPEDITED DISCOVERY (Doc. No. 17)**
>
> **FILED:     January 3, 2006**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff Jadeal Inc. represents that counsel for corporate defendant WallStreetTeachers.com, Inc. agreed to provide discovery informally as set forth in a letter dated November 23, 2005, from counsel for Jadeal, Inc. to WallStreetTeachers.com's corporate counsel. Doc. No. 17 at 2.  In exchange for this agreement, Jadeal, Inc. agreed to an enlargement of time through December 12, 2005, for all three defendants to respond to the complaint.  While WallStreetTeachers.com does not dispute that an agreement was reached, the letter filed by Jadeal,

Inc. does not contain a signature of WallStreetTeachers.com's corporate counsel indicating that he agreed to produce all of the information requested in the letter. *Id.* ex. B.

Subsequently, WallStreetTeachers.com retained counsel, who filed a motion to dismiss on November 30, 2005. WallStreetTeachers.com's counsel of record opposes the agreement allegedly reached with WallStreetTeachers.com's corporate counsel. Doc. No. 21.

While I do not condone a party's failure to comply with an agreement regarding discovery matters, it is not clear to me from the papers filed by Jadeal what the scope of the agreement was, if any, reached with WallStreetTeachers.com's corporate counsel. The Amended Complaint is not verified, and there is no motion for preliminary injunction pending. Under these circumstances, good cause does not exist warranting an order requiring expedited responses to the outstanding discovery requests. However, the motion is **GRANTED** to the extent that I will consider the discovery requests to have been validly served, even though it appears that they may have been served before the parties held a case management conference. *See* M.D. Fla. L.R. 3.05(2)(B). Therefore, the responses to the discovery requests are due within thirty days after the dates of service of each request. The motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties