# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JADAEL INC.,**

      **Plaintiff,**

-vs-                                            **Case No. 6:05-cv-1623-Orl-22KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,
and WALLSTREETTEACHERS.COM,
INC.,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF JADAEL INC.'S MOTION FOR ENTRY OF PROPOSED CONFIDENTIALITY ORDER (Doc. No. 23)** |
| **FILED:** | **January 4, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Before entering any protective order, the Court must find that good cause warrants the entry of the order with respect to each category of documents or information sought to be included in the order. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355-57 (11th Cir. 1987). The proposed protective order in this case is not supported by good cause because it is overbroad.

It appears from the memorandum of law in support of the motion that there are specific categories of documents and information concerning which confidentiality concerns

arise. However, the protective order does not limit the designation of confidential information to individual documents or categories of documents. Instead, it permits counsel to designate anything that an attorney in good faith reasonably believes may contain information of the type described in Federal Rule of Civil Procedure 26(c)(7). This is simply too sweeping a designation. *Cf. Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).[1] Furthermore, there is no showing that it would be unwieldy to deal with confidentiality issues on a document-by-document basis.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] In the course of reviewing a motion to seal, the United States Court of Appeals for the Seventh Circuit commented on the scope of a protective order issued by the district court, as follows:

> The order is not limited to trade secrets, or even to documents "believed to contain trade secrets," which anyway is too broad both because "believed" is a fudge and because a document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document. Also much too broad is "other confidential . . . information," not further specified . . . . The order is so loose that it amounts . . . to giving each party carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid.

178 F.3d at 945.