**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JADAEL INC.,**

          **Plaintiff,**

**-vs-**                               **Case No. 6:05-cv-1623-Orl-22KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,**
**and WALLSTREETTEACHERS.COM,**
**INC.,**

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO QUASH SUBPOENAS (Doc. No. 48)[1]**
>
> **FILED:**     April 27, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Federal Rule of Civil Procedure 45(c)(3) provides, in part, that "the court by which a subpoena was issued shall quash or modify the subpoena" for certain, enumerated reasons. The exhibits to the motion reflect that this Court did not issue eight of the eleven subpoenas that the defendants seek to quash. Therefore, this motion was filed in the incorrect court as to those subpoenas.

---

[1] Although captioned only as a motion to quash subpoenas, the movants also seek a protective order.

The motion to quash the subpoena issued from this Court to Anthony J. Monte, III, and the request for a protective order as to the documents called for in the subpoenas issued to Worden Brothers, Inc., Lorna Grant, 1st Works Corp., and Anthony J. Monte, III are moot. Each of these subpoenas commanded production of documents at 10:00 a.m. this morning. Counsel for the movants took no steps to advise the Court that the motion required expedited consideration.

With respect to the subpoenas issued from this Court to Peregrine Financial Group, Inc. and Kermit Prather, the movants argue that responsive documents might contain confidential or proprietary information and that some information may not be relevant to the present dispute. The proper method to address these concerns is through a protective order, rather than quashing the subpoena.

Finally, with respect to the motion for a protective order as to the subpoenas for which responses are due on May 5, 2006, insufficient information was presented to determine whether there is any confidential or proprietary information contained in the responsive documents. Without more specific information about the substance of the documents requested from Peregrine Financial Group, Inc. and Kermit Prather, or about the relationship between Peregrine Financial Group, Inc., Mr. Prather, and the parties in the present case, good cause does not exist to support entry of a protective order.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties