**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JADAEL INC.,**

        **Plaintiff,**

-vs-                                                      **Case No.  6:05-cv-1623-Orl-22KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,**
**and WALLSTREETTEACHERS.COM,**
**INC.,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF JADAEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 44)** |
| **FILED:** | **April 24, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

It is **ORDERED** that, on or before May 26, 2006, Defendant David S. Elliott shall produce all documents responsive to requests numbers 14, 16, 21, 23, 24, 33, 36, and 37 of Plaintiff Jadeal Inc.'s (Jadeal) first request for production of documents that are in his possession, custody and control, including information stored electronically whether on his personal or business computers or in commercial computer storage accessible to him through password access or otherwise.  The documents shall be produced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests. The production shall include

all email communications responsive to Jadael's first request for production of documents, even if previously produced in another form, because of the problems with incompleteness of previous email production.

It is further **ORDERED** that, on or before May 26, 2006, Defendants David S. Elliott and Allison Elliott shall tender to counsel for Jadeal sworn statements in which they aver that they have made a diligent search for all documents responsive to Jadael's first request for production of documents and that all potentially responsive documents have been provided to their attorneys. Defendants are cautioned that making a false statement in these documents will subject them to sanctions, which may include, but are not limited to, contempt of Court, dismissal of the counterclaims in this case, and entry of a default judgment in favor of Jadeal.

It is further **ORDERED** that, on or before May 26, 2006, Defendant David S. Elliott shall appear for a deposition at a date, place and time agreed to by the parties to do the following: (1) access[1] all of the components of the Internet sites or other computer-based methods through which he sells products, makes presentations, and conducts chats or otherwise communicates with customers and potential customers, including all private chatrooms, archives or other spaces accessible by Mr. Elliott through password or other methods, and display the various types of information accessible through or stored in these locations, and (2) answer questions regarding information stored in and

---

[1] This will require that the deposition be conducted at a location where Mr. Elliott has his computer with appropriate software and a connection to the Internet such that he will be able to access each of the Internet sites and other computer-based methods of selling and communicating with customers and potential customers. It will also require the use of a monitor or projector sufficient to permit others attending the deposition to view the information accessible via computer.

accessible through these locations. This deposition is specifically ordered by the Court, and is not included in the number of depositions permitted by Federal Rule of Civil Procedure 30.

It is further **ORDERED** that, on or before May 26, 2006, Mr. Elliott shall produce for inspection and make arrangements for opposing counsel to view CDs of materials offered for sale by Defendants to the extent that these CDs are responsive to Jadeal's first request for production of documents. If counsel for Jadeal wishes to obtain a copy of any such CDs, and the parties are unable to agree regarding the reimbursement to be paid to obtain such copies, Jadeal may file a motion for the Court to determine the issue.

It is further **ORDERED** that, on or before June 9, 2006, counsel for Jadeal shall advise the Court in writing whether the issue of sanctions raised in the present motion has been resolved by the parties following the completion of the supplemental discovery ordered herein.

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties