# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JADAEL INC.,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:05-cv-1623-Orl-22KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,
and WALLSTREETTEACHERS.COM,
INC.,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF JADAEL INC.'S MOTION . . . FOR SANCTIONS AGAINST DEFENDANT DAVID S. ELLIOTT (Doc. No. 44)**
>
> **FILED:** April 24, 2006
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** **PLAINTIFF JADAEL INC.'S RENEWED MOTION FOR SANCTIONS AGAINST DEFENDANT DAVID S. ELLIOTT (Doc. No. 71)**
>
> **FILED:** June 9, 2006
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

On April 24, 2006, Plaintiff Jadael Inc. (Jadael) filed a motion to compel Defendant David S. Elliott to produce documents responsive to Jadael's first request for production of documents. It also sought an award of reasonable expenses, including attorneys' fees, incurred in connection with filing the motion.

I granted the motion to compel. In my order, I directed Elliott to do the following on or before May 26, 2006: (1) produce all documents responsive to specified requests for production of documents; (2) provide counsel for Jadael with his sworn statement and the sworn statement of Defendant Allison Elliott averring "that they have made a diligent search for all documents responsive to Jadael's first request for production of documents and that all potentially responsive documents have been provided to their attorneys"; (3) appear for a deposition regarding computer-stored information; and (4) produce for inspection CDs of materials offered for sale by the defendants to the extent that these CDs were responsive to Jadael's first request for production of documents. Doc. No. 54. I reserved ruling on the request for sanctions pending notification by Jadael whether the parties were able to resolve that issue.

On June 9, 2006, Jadael filed its renewed motion for sanctions, stating that the parties had not been able to resolve the sanctions issue. In the renewed motion, Jadael expanded its requests for sanctions to include not only the reasonable expenses it incurred in filing the motion to compel, doc. no. 44, but also the expenses incurred in responding to the defendants' Second Motion for Protective Order, doc. no. 35, its attendance at the court-ordered deposition of Elliott, attorney and paralegal time spent reviewing and organizing the documents that the Court ordered to be reproduced because of problems with the production, and the expenses incurred in filing the renewed motion. Doc. No. 71.

It support of the renewed motion, Jadael filed declarations by David S. Elliott and Allison Elliott, which are the sworn statements required by my order.

The defendants responded to the renewed motion. Doc. No. 75. They urge the Court to find that an award of expenses is unjust under the circumstances or, alternatively, to limit the sanctions to those reasonably incurred in connection with the original motion to compel.

Federal Rule of Civil Procedure 37 provides the legal framework for the sanctions motions. It provides, in relevant part, that if a court grants a motion to compel discovery of documents pursuant to a request for production under Federal Rule of Civil Procedure 34,

> the court shall . . . require the party . . . whose conduct necessitated the motion . . . or [the] attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless . . . the opposing party's nondisclosure, response or objection was substantially justified, or . . . other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(2)(B), (a)(4)(A).

There is no dispute that Elliott did not timely disclose all documents responsive to Jadael's first request for production of documents. During hearings, I cautioned both Defendant Allison Elliott and counsel for the defendants that the defendants could not avoid their discovery obligations because they were too busy to respond, and that the defendants, or their counsel, must dedicate sufficient resources to comply with the orders of the Court. Nevertheless, in the sworn statements served in response to my order, David and Allison Elliott continue to assert that they are making a diligent search for documents during all times when they "have not been engaged in unavoidable business issues or attending depositions in this action (or preparing with our counsel for such depositions.)" Doc. No. 71, ex. A. This response is contrary to my order, which required Elliott to submit a sworn

statement that "all potentially responsive documents have been provided to his attorneys." Accordingly, having given Elliott ample opportunity to provide discovery as required by my order, I find that this is not a case in which an award of expenses would be unjust.

However, this conclusion does not support Jadael's request for expenses, including attorneys' fees, exceeding those incurred in filing the motion to compel and attending the hearing on that motion. The renewed motion for sanctions was unnecessary because I reserved ruling on the earlier motion, asking only for Jadael to file a supplemental statement indicating whether the parties were able to resolve the pending motion. Attendance at Elliott's court-ordered deposition was part of the relief provided in response to the motion to compel, not an expense incurred in bringing the motion. Accordingly, the compensable expenses are those incurred in preparing the motion and attending the hearing on the motion.

Determining the amount of reasonable expenses incurred in filing a motion should not result in extensive litigation, although a basis for the award must be found in the record. The record reflects that Attorney Paul DeHart filed a three-page motion to compel and a nineteen-page memorandum with supporting exhibits. The hearing on the motion lasted one and one-half hours and was attended by both Attorney DeHart and Attorney Hal Litchford on behalf of Jadael. Based on my experience, I conclude that Jadael has incurred costs for Attorney DeHart of at least eight hours in reviewing documents, preparing the motion, and attending the hearing, and at least one and one-half hours of Attorney Litchford's time in attending the hearing.[1] According to the Florida Bar, Attorney DeHart has been licensed to practice law in Florida since 2001 and Attorney Litchford has been licensed to

---

[1] I have insufficient information to estimate the paralegal time spent in reviewing the documents produced by the defendants or to estimate a reasonable hourly rate for this work.

practice law in Florida since 1979.  Based on my knowledge of the hourly rates of attorneys in the central Florida legal community, I conclude that an award of $1,500.00 is reasonable, even though it will only partially compensate Jadael for the attorneys' fees it incurred in making the motion to compel and attending the hearing on the motion.

Accordingly, it is **ORDERED** that, on or before July 17, 2006, David S. Elliott shall tender to Litchford & Christopher, counsel for Jadael, the sum of $1,500.00.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties