# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JADAEL INC.,**

**Plaintiff,**

**-vs-**                                        **Case No.  6:05-cv-1623-Orl-KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,
and WALLSTREETTEACHERS.COM,
INC.,**

**Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF JADAEL INC.'S MOTION TO SEAL PURSUANT TO FLORIDA STATUTE SECTION 688.006 (Doc. No. 102)** |
| **FILED:** | **September 5, 2006** |

Plaintiff Jadael Inc. moves to seal certain exhibits presented during an evidentiary

hearing on its motion for a preliminary injunction.  Doc. No. 102.  Defendants David S.

Elliott, Allison Elliott, and Wallstreetteachers.com Inc. oppose the motion.  Doc. No. 105.

The parties consented to resolution of the case by me pursuant to 28 U.S.C. § 636(c),

and the case was referred to me by the presiding district judge.  Doc. Nos. 91, 92.

## I.    INTRODUCTION.

On July 31 and August 1, 7, 8, and 10, 2006, the Court held an evidentiary

hearing on Jadael's motion for preliminary injunction.  During the course of the

evidentiary hearing, Jadael introduced a number of exhibits that were ultimately admitted

into evidence.  *See* Doc. No. 98.  Jadael now contends that the following exhibits

"disclose, explain, or teach Jadael's trade secrets or methods": Exhibits 27, 28, 30, 36,

37, 38, 41, 47, 60, 61, 62, 63, 78, 80, and 96.  Exhibits 27, 28, 30, 38, 41, 47, 60, 61, 62,

and 63 are email communications from Claude Roy, president of Jadael, to David Elliott.

Exhibits 36 and 37 are email communications from Elliott to Roy that include email from

Roy in the history.  Exhibit 78 is a record of communications between Elliott and Roy held

on Skype.  Exhibit 80 contains communications in TCNet's Claude and Mike Chat room,

which were private chat communications between Elliott and Roy.  Exhibit 96 was the

"Ultimate E-MINI Seminar Notebook" from a seminar held in September 2005 at which

Roy taught.[1]

At the conclusion of the hearing, in an oral ruling, I denied the motion for

preliminary injunctionbased on my finding that Jadael had not shown a substantial

likelihood of success on the merits of its claims for violation of the Lanham Act, for

misappropriation of trade secrets, and for breach of contract.  Doc. No. 100.

In addressing the claim for misappropriation of trade secrets, I observed that

many documents discussing Jadael's alleged trade secrets were publicly filed in this

---

[1]  In its motion, Jadael seeks leave to review some of the testimony taken at the
evidentiary hearing.  Inasmuch as the transcript of the hearing has not yet been ordered, this
request is premature.  Therefore, this order is limited to the exhibits identified above.

case and were available from the Clerk's Office and other public sources, including the

PACER system.  Accordingly, I concluded that Jadael had not shown a substantial

likelihood of success on the merits of its claim that it was entitled to trade secret

protection.[2]

## II.    APPLICABLE LAW.

The claim for misappropriation of trade secrets arises under Florida's version of

the Uniform Trade Secrets Act, Chapter 688, Florida Statutes.  The definition of a "trade

secret" in the Uniform Trade Secrets Act includes "information" that "derives independent

economic value, actual or potential, from not being generally known to, and not being

readily ascertainable by proper means by, other persons who can obtain economic value

from its disclosure," so long as the entity with the alleged trade secret makes "efforts that

are reasonable under the circumstances to maintain its secrecy."  § 688.002(4), Fla. Stat.

Section 688.006 provides, in relevant part, that in an action under the Uniform

Trade Secrets Act, "a court shall preserve the secrecy of an alleged trade secret by

reasonable means, which may include . . .  sealing the records of the action . . . ."  As the

plain language of the statute makes clear, a court may take reasonable steps to preserve

"an alleged trade secret," including sealing the records of an action without a formal

finding that the information actually qualifies for trade secret protection.  *Id*.

---

[2]  In the present motion, Jadael argues that, contrary to my stated ruling, the substance of Jadael's trading system was not disclosed in the documents filed in the public record of the Court.  I do not recede from the decision I entered on the motion for preliminary injunction or the basis thereof, and my decision on the present motion should not be interpreted as a change in my previous ruling.

To seal a document, the court must balance the interest of the party alleging trade secret protection in keeping that information secret against the public's right of access to documents.  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Under Local Rule 1.09, the court "must state the particular reason the seal is required."  Also, "[u]nless otherwise ordered by the Court for good cause shown, no order sealing any item . . . shall extend beyond one year . . . ."  *Id*.

## III.    ANALYSIS.

The Court has not reached the merits of Jadeal's claim that its trading system is entitled to trade secret protection. Therefore, Jadael's trading system remains "an alleged trade secret" that the Court should take reasonable steps to preserve under Florida law.

Here, the case is still ongoing.  The Court has not received dispositive motions, and the matter has not yet been tried.  No nonparty has asked to review the exhibits received during the trial, and the sole visitors to the preliminary injunction hearing were present to speak with me on matters unrelated to the hearing.  Balancing the legal requirement of taking reasonable steps to protect alleged trade secrets against the public's general right to public trial, but in the absence of actual public interest having been shown in the exhibits admitted during the hearing, I conclude that Jadael's interest in protecting its alleged trade secrets outweighs the public's interest in access to the exhibits until the case is resolved on the merits.   Inasmuch as the trial date in this matter

is set for April 2007, doc. no. 101, there is no need to permit the seal to extend for more than one year.

## IV.    CONCLUSION.

For the foregoing reasons, Jadael's Motion to Seal Pursuant to Florida Statute Section 688.006, doc. no. 102, is **GRANTED**.  It is **ORDERED** that the following exhibits received at the evidentiary hearing on Jadael's motion for a preliminary injunction shall be sealed until September 25, 2007, or such earlier date on which the case is resolved on the merits or as otherwise ordered by the Court:  Exhibits 27, 28, 30, 36, 37, 38, 41, 47, 60, 61, 62, 63, 78, 80, and 96.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties