# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JADAEL INC.,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1623-Orl-KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,
and WALLSTREETTEACHERS.COM, INC.,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS COUNTERCLAIM (Doc. No. 116)**
>
> **FILED:** **November 13, 2006**

Defendants seek permission to dismiss their counterclaim voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(2). This rule permits the Court to grant the motion "upon such terms and conditions as the court deems proper." The rule expressly applies to dismissal of counterclaims. Fed. R. Civ. P. 41(c). Unless otherwise specified in the order, a dismissal under Rule 41(a)(2) is without prejudice.

A district court enjoys broad discretion in permitting a voluntary dismissal under this rule. "'[I]n most cases, a voluntary dismissal should be granted unless the [opposing party] will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'" *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)(quoting *McCants v. Ford Motor Co.*,

781 F.2d 855, 857 (11th Cir. 1986)(original emphasis)).  However, because the "purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side," the district court "must exercise its broad equitable discretion . . . to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  *McCants*, 781 F.2d at 856-57(internal quotations omitted).

In its response to the motion, Plaintiff Jadael, Inc. (Jadael) requested only that if the Court granted the motion to dismiss the counterclaim without prejudice it also grant Jadael's request to dismiss its claims without prejudice.  Doc. No. 123.  After the hearing on the motion, however, Jadael withdrew its request to dismiss its complaint.  Doc. No. 127.  Therefore, the option of granting all parties' requests to dismiss their causes of actions without prejudice is no longer available to the Court.

Counsel for Jadael argued at the hearing that dismissal of Defendants' counterclaim also should be conditioned on payment of the costs and attorneys' fees Jadael has incurred in litigating the counterclaim; *see also* Doc. No. 127.  Review of the record in this case reflects that very little time has been expended litigating the counterclaim.  Jadael filed an answer to the counterclaim.  Doc. No. 33.  It moved to compel Defendants to respond to discovery, but review of the motion to compel reflects that the discovery at issue pertained largely, if not exclusively, to discovery related to Jadael's causes of action, not to the counterclaim.  *See* Doc. No. 45.  Jadael has not responded to Defendants' discovery requests or to Defendants' motion to compel; some of these requests seek discovery of information relevant to the counterclaim.  *See, e.g.,* Doc. No. 115.  Jadael has not moved to dismiss the counterclaim or sought summary judgment with respect to the counterclaim.  Therefore, the record

does not support a finding that Jadael has incurred significant attorneys' fees and costs in litigating the counterclaim.

Furthermore, at the hearing counsel for Defendants indicated that they do oppose dismissal of the counterclaim with prejudice. This result would protect Jadael from having to litigate the counterclaim in a subsequent case.[1]

Based on the acrimonious relationship of the parties to this litigation, I conclude that the best resolution for all parties is to grant the motion and dismiss the counterclaim with prejudice. Because dismissal with prejudice ensures that Jadael will not have to litigate the counterclaim in another lawsuit, and because the record does not support a finding that Jadael incurred more than minimal attorneys' fees and costs in litigating the counterclaim, I find that the interests of justice do not support an order requiring Defendants to pay attorneys' fees and costs incurred by Jadael in litigating the counterclaim.

Accordingly, it is **ORDERED** that the Motion to Dismiss Counterclaim is **GRANTED,** and the counterclaim is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] Of course, dismissal with prejudice would not protect Jadael from subsequent lawsuits against it by Defendants that arise from conduct other than that which underlies the present counterclaim.