# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JADAEL INC.,**

        **Plaintiff,**

**-vs-**                                                   **Case No. 6:05-cv-1623-Orl-KRS**

**DAVID S. ELLIOTT, ALLISON ELLIOTT,
and WALLSTREETTEACHERS.COM, INC.,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES BY PLAINTIFF, JADAEL, INC. (Doc. No. 115)**
>
> **FILED:**     **November 6, 2006**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendants seek to compel Plaintiff Jadael, Inc. (Jadael) to produce documents responsive to their First Request for Production of Documents and First Set of Interrogatories. They represent that these discovery requests were served on August 1, 2006, and that Jadael had not responded to the requests as of the time the motion was filed. As of the writing of this order, Jadael had not filed a response to the motion, or sought an enlargement of time to respond pending the Court's ruling on the parties' respective motions to dismiss. Therefore, I consider the motion to be unopposed.

It appears that some of the discovery requests may seek information relevant only to Defendants' counterclaim, which has now been dismissed. However, other requests seek information that would be relevant or lead to the discovery of admissible evidence with respect to the causes of action alleged in the complaint. Accordingly, the motion to compel is still viable.

Accordingly, it is **ORDERED** that, on or before December 15, 2006, Jadael shall produce all documents within its possession, custody or control that are responsive to Defendants' First Request for Production of Documents and shall serve sworn answers to Defendants' First Set of Interrogatories. All objections to these discovery requests, other than legally recognized privileges and protections, have been waived by failure to assert them in timely responses to the discovery requests. To the extent that Jadael contends that responsive information and documents, or portions thereof, are legally privileged or protected, it is further **ORDERED** that Jadael shall, on or before December 15, 2006, serve a privilege log describing each item of information and documents, or portions thereof, responsive to the discovery requests that it has not produced.

Each privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, source, recipients, and specific privilege or protection claimed, and must describe the subject matter of each document or item of information withheld in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)). The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection.

It is further **ORDERED** that, on or before December 11, 2006, counsel for Defendants shall notify counsel for Jadael in writing if Defendants are withdrawing any of the requests for production of documents or interrogatories that are the subject of this order based on the dismissal of their counterclaim. Jadael need not respond to requests for production or interrogatories that counsel for Defendants indicates in writing have been withdrawn.

Defendants also seek an award of the reasonable expenses, including attorneys' fees, they incurred in bringing the motion. Federal Rule of Civil Procedure 37(a)(4) provides, in pertinent part, that if a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the nondisclosure was substantially justified or that other circumstances make an award of expenses unjust. Jadael has not responded to the motion, and as such it has not established that its failure to respond to the discovery requests was substantially justified or that other circumstances make an award of expenses unjust.

Accordingly, it is further **ORDERED** that, on or before December 18, 2006, Jadael shall tender the sum of $500.00 to counsel for Defendants to compensate Defendants, in part, for the reasonable expenses, including attorneys' fees, they incurred in making the motion.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties